Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2622 | **DATE** | 10/29/2002 |
| **CASE TITLE** | Old Republic Ins Co. et al. Vs. J. Huell Briscoe etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Jackson's motion to reconsider and dismiss is denied. Status hearing set for October 31, 2002 at 9:15am. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 3 1 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 34 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 OCT 30 PM 2:15 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OLD REPUBLIC INSURANCE COMPANY )
and AGRICULTURAL EXCESS AND )
SURPLUS INSURANCE COMPANY, )
 )
        Plaintiffs, )
 )
vs. ) No. 02 C 2622
 )
J. HUELL BRISCOE & ASSOCIATES, INC., )
JEROME S. COMM, and BRUCE JACKSON, )
 )
        Defendants. )

DOCKETED
OCT 3 1 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs Old Republic Insurance Co. (ORIC) and Agricultural Excess and Surplus Insurance Co. (AESIC) brought this action against defendants J.Huell Briscoe & Associates, Inc. (Briscoe), Jerome S. Comm and Bruce Jackson. Plaintiff ORIC filed a motion for voluntary dismissal, which was granted by Judge Shadur. Defendant Jackson now moves to reconsider that voluntary dismissal and dismiss the suit pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. For the following reasons, defendant's motion is denied.

## BACKGROUND

Plaintiffs each issued liability insurance policies to defendant Briscoe, effective from July 1, 1997 to July 1, 1998, that were virtually identical in terms and conditions. The ORIC policy had a $5 million limit and the AESIC policy had a $10 million limit in excess of the ORIC policy. In 1997, the receiver of AMS Life Insurance Co. filed suit against Briscoe and a $17.5 million judgment was entered against Briscoe in Arizona Superior Court. Briscoe,

along with Comm and Jackson as employees, sought coverage for the claim asserted by AMS.

ORIC and AESIC filed this suit on April 11, 2002, seeking a declaratory judgment decreeing that they have no obligation to pay based on the terms of the policies. On August 1, 2002, ORIC filed a motion for voluntary dismissal. The hearing on the motion was set for Monday, August 5, 2002. Although Jackson had never filed an appearance in this case or designated local counsel, ORIC was aware that he was represented by Mississippi counsel and attempted to provide him with notice. Jackson did not receive notice of the hearing until Friday, August 2, 2002, at which time he forwarded his objection to the motion to the clerk of the court in hopes that it could be received and considered prior to the hearing on ORIC's motion. Judge Shadur granted ORIC's motion on the condition that ORIC agreed to be bound by the judgment in this case.

## DISCUSSION

Jackson now asks us to reconsider Judge Shadur's decision granting the motion for voluntary dismissal and to dismiss the case on other grounds. A motion for reconsideration is only appropriate to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Reconsideration is not an appropriate forum for rehashing previously rejected arguments. In re Oil Spill by "Amoco Cadiz", 794 F.Supp. 261, 267 (N.D.Ill. 1992) *aff'd* 4 F.3d 997 (7th Cir. 1993). We are not convinced that reconsideration is appropriate in this case.

Jackson first argues that he was given insufficient notice of the hearing on the motion and could not raise his arguments against the voluntary dismissal. The motion was filed on a Thursday and noticed for hearing on the following Monday. Plaintiff's counsel attempted to notify Jackson in Mississippi on Thursday, within the required time, and was unable to do

so only because Jackson's counsel's fax machine was turned off. Since he had never designated local counsel, there was no one to notify here. After receiving notice early Friday, neither Jackson nor his counsel contacted the court to say that they could not appear at the hearing, opting instead to send their objection to the motion via FedEx. Jackson never appeared in this court or secured local counsel, making it much more difficult to serve him with notice. We believe that plaintiffs' notice was adequate under these circumstances.

Turning to Jackson's substantive argument against voluntary dismissal, he claims that ORIC is an indispensable party. He alleges that the true issue in the case is whether ORIC acted in bad faith and, if ORIC is dismissed, he will not have a fair opportunity to litigate his claims. We do not see how Jackson will be prejudiced in any way. ORIC has agreed to be bound by the outcome of this litigation, and the relevant language of the AESIC and ORIC policies is the same – policy coverage issues can be fully litigated here. Further, nothing stops him from filing an appropriate suit against ORIC to litigate claims that ORIC is liable to pay the Arizona judgment because of estoppel or its bad faith, even if there is no coverage, and that suit can be brought in any appropriate forum.

## CONCLUSION

For the foregoing reasons, defendant Jackson's motion to reconsider and dismiss is denied.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 29, 2002.